FILED
JANUARY 31, 2017
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33723-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRUCE ADAM MASON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Bruce Mason appeals his conviction for possession of a

controlled substance on the ground that the trial court erroneously denied his motion to

suppress the evidence of methamphetamine. Because the frisking law enforcement

officer failed to manipulate a hard object in Mason's pocket before removing the object

from the pocket, we agree with Mason. We reverse Mason's conviction.

FACTS

Raymond Mason called law enforcement because his son, Bruce Mason,

repeatedly yelled at him. Raymond wanted Bruce to leave Raymond's Chewelah home.

After Bruce promised to calm himself, Raymond called law enforcement again and asked

the police to disregard his earlier request for assistance. City of Chewelah Police Officer

Ryan Pankey and Stevens County Sherriff's Deputy Mark Coon, in separate patrol cars, arrived at Raymond's home anyway. As the officers arrived, Bruce stood in the driveway next to the driver's door of a vehicle.

When Bruce Mason noticed the two law enforcement officers, his eyes enlarged and his countenance showed panic and desperation. Officer Ryan Pankey identified himself upon exiting his vehicle and commanded Bruce to face him, stand still, and display his hands. Bruce pivoted, opened the car door, and lunged inside the vehicle with his arms extended. Deputy Mark Coon observed a coat on the car driver's seat, which coat Mason grabbed and repositioned. Both officers believed Mason attempted to conceal an object, possibly a weapon.

Officer Ryan Pankey pulled Bruce Mason from the vehicle. The two law enforcement officers then deposited Bruce on the ground. Deputy Mark Coon handcuffed Bruce behind the back. While Bruce lay face down in the driveway, Deputy Coon performed a weapons frisk. Coon felt a hard object in Bruce's front-right pants pocket, moved the object through the pocket, and removed it. Coon made no attempt to explore the contours of the object or ascertain its dimensions before its removal from the pocket. He touched the object for "two seconds maybe," while withdrawing it from the pocket. Report of Proceedings at 23.

After removing the hard object from Bruce Mason's pants pocket, Deputy Mark Coon identified the object as an unlabeled, clear-amber pill bottle that stored a small clear plastic bag with a white crystal-like substance inside. A Monster Energy drink sticker

2

attached to the pill bottle. With the sunlight, Deputy Coon lucidly saw the contents of the bottle and bag. Coon, with considerable drug enforcement experience, recognized the crystal substance as methamphetamine. Coon asked Bruce to identify the hard object, and Bruce characterized the object as his personal smoking tobacco. Deputy Coon then arrested Bruce for possession of methamphetamine. At some unidentified time while the law enforcement officers remained on the Mason property, Raymond Mason told the officers that Bruce only yelled and did not physically assault him.

Deputy Mark Coon transported Bruce Mason and the pill bottle to the Stevens County Jail. Deputy Coon, without a warrant, opened the bottle, removed the bag, opened the bag, removed some of the crystal substance from the bag, and field tested the substance. The substance tested positive for methamphetamine.

## PROCEDURE

The State of Washington charged Bruce Mason with one count of possession of a controlled substance, methamphetamine, in violation of RCW 69.50.4013(1). Bruce Mason moved to suppress all evidence of methamphetamine seized from his pocket. He argued that the officers arrested him without probable cause, Deputy Mark Coon illegally removed the pill bottle from his pants pocket, and Coon unlawfully searched the bottle's content.

The trial court conducted a CrR 3.6 hearing to determine the admissibility of the methamphetamine. The trial court denied Bruce Mason's motion to suppress. In the order denying the motion to suppress, the trial court held that the officers possessed

3

probable cause to arrest Bruce, the removal of the pill bottle from Bruce Mason's pocket was within the scope of the weapons frisk, and Deputy Coon immediately recognized the contents of the pill bottle as methamphetamine.

After a trial on a stipulated record, the trial court adjudged Bruce Mason guilty of possession of methamphetamine. The trial court sentenced Bruce Mason to six months in prison and twelve months of community custody.

## LAW AND ANALYSIS

On appeal, Bruce Mason contends the trial court erred by failing to suppress the pill bottle containing methamphetamine because (1) the police exceeded the community caretaking exception when detaining him, (2) the police lacked grounds for an investigative stop and frisk, (3) Deputy Mark Coon surpassed the scope allowed for a weapons frisk, and (4) the plain view exception did not justify opening the pill bottle and removing its contents. The State responds that law enforcement discovered the pill bottle during a lawful weapons frisk and that the plain view exception allowed Deputy Coon to open the pill bottle and test its contents.

When reviewing motions to suppress evidence on Fourth Amendment to the United States Constitution grounds, a court must often isolate discrete actions of law enforcement, as if freezing frames in a movie, and then analyze the propriety of distinct deeds of the officers. In this appeal, we could separately review Deputy Mark Coon's and Officer Ryan Pankey's approach of Bruce Mason, Officer Pankey's commands to Bruce Mason to face him, stand still, and display his hands, Officer Pankey's extraction

4

of Bruce from the car, Deputy Coon's handcuffing of Bruce Mason, Coon's frisk of Bruce, Coon's feel of a hard object in Bruce's front-right pants pocket, Coon's movement of the object through the pocket, Coon's removal of the object from the pocket, Coon's seizure of the bottle, Coon's opening of the bottle at the jail, and Coon's field test of the object without a warrant. We instead limit our review to the removal of the bottle from the pocket without Deputy Coon's manipulation of the object to determine its danger. Because we hold the removal of the bottle violated the Fourth Amendment, we leave unaddressed other conduct of the two law enforcement officers.

When reviewing the denial of a suppression motion, we determine whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). After deferring to the trial court's findings, we review the constitutionality of a warrantless search de novo as a question of law. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008).

Deputy Mark Coon removed the bottle from Bruce Mason's pocket without a warrant. As a general rule, warrantless searches and seizures are per se unreasonable, in violation of the Fourth Amendment and article I, section 7 of the Washington Constitution. *State v. Duncan*, 146 Wn.2d 166, 171, 43 P.3d 513 (2002). Both constitutions assume that a law enforcement officer will procure a warrant before searching and seizing. Courts have crafted a few jealously and carefully drawn exceptions to the warrant requirement, which exceptions include exigent circumstances,

5

searches incident to a valid arrest, inventory searches, plain view searches, and *Terry* investigative stops. *State v. Garvin*, 166 Wn.2d at 249-50 (2009). The State bears the burden of demonstrating that a warrantless seizure falls into a narrow exception to the rule. *State v. Doughty*, 170 Wn.2d 57, 61, 239 P.3d 573 (2010). A seizure is not justified by what a subsequent search discloses, but the officer must justify the search by his or her knowledge at the time of the interference in the accused's privacy. *State v. Lesnick*, 84 Wn.2d 940, 944, 530 P.2d 243 (1975).

Bruce Mason contends that, even if Deputy Coon can validate the weapons frisk, Coon exceeded the scope of the frisk when removing the pill bottle from Bruce's pocket. The State argues that promoting officer safety and Bruce's safety legitimized Deputy Coon's frisk. The State also responds that Coon lawfully removed the pill bottle because the pat-down search did not rule out a weapon. We agree with Bruce Mason. Deputy Coon should have spent more time and exercised more effort to determine if the hard object might be a weapon before removing the object from the pocket.

A law enforcement officer may conduct a warrantless weapons frisk of a suspect's body if the State shows (1) the initial stop is legitimate, (2) a reasonable safety concern justified the protective frisk, and (3) the scope of the frisk is limited to the protective purposes. *State v. Garvin*, 166 Wn.2d at 250. We focus on the third element. The purpose of a frisk is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear. *State v. Hudson*, 124 Wn.2d 107, 112, 874 P.2d 160 (1994). Therefore, the frisk must be brief and nonintrusive. *State v. Russell*, 180 Wn.2d

6

860, 869, 330 P.3d 151 (2014); *State v. Garvin*, 166 Wn.2d at 254. A valid weapons frisk is strictly limited in its scope to a pat down of the outer clothing to discover weapons that might be used to assault the officer. *State v. Hudson*, 124 Wn.2d at 112. The law recognizes, however, that a frisk of outer garments may not conclusively identify or exclude a weapon, in which instance the officer may reach into the clothing as a reasonable course of action. *State v. Hudson*, 124 Wn.2d at 112. If the officer feels an object of questionable identity that has the size and density consistent with a weapon, the officer may only take such action as is necessary to examine the object. *State v. Hudson*, 124 Wn.2d at 113.

A weapons frisk must be justified in scope both at its inception and throughout the duration of the search. *State v. Fowler*, 76 Wn. App. 168, 172, 883 P.2d 338 (1994).

> If a pat-down search is inconclusive *and* the officer feels an object
> which might be a weapon, he is entitled to withdraw it for examination.

*State v. Fowler*, 76 Wn. App. at 172 (emphasis added). We consider these propositions to preclude the officer from removing the object before thoroughly touching the contours of the object and concluding the object might be a weapon. Otherwise the frisk goes beyond its purpose of safety and transmutes into a search for evidence of a crime.

The State argues that Deputy Coon did not exceed the scope of the frisk because he was unable to determine if the object was a weapon before removing the bottle from Bruce Mason's pocket. This argument may be correct, but the argument misses the point. Although Deputy Coon averred he could not identify the object, Coon repeatedly testified

7

that he exerted no efforts to identify the object before removing it. He did not measure the object's dimensions, outline its contours, or feel its weight. He simply felt a hard object, pushed it through the pocket, and removed it. Deputy Coon touched the bottle for only two seconds while the bottle remained in Bruce's pocket.

The only characteristic of the object known to Deputy Coon before removing it was that it was hard. Not every hard object in a pocket may be lawfully removed during a weapons frisk. *Minnesota v. Dickerson*, 508 U.S. 366, 377-78, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993).

## CONCLUSION

We reverse the trial court's denial of the motion to suppress the evidence of the pill bottle and its contents. Because the State cannot convict Bruce Mason without the evidence, we vacate the trial court's judgment and sentence and direct the court to dismiss the charges.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.

8